IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MORLOCK, L.L.C., §
 §
      Plaintiff, §
 §
VS. § CIVIL ACTION H-14-1678
 §
BANK OF AMERICA, N.A., §
 §
      Defendant. §

**OPINION AND ORDER**

The above referenced action, removed from state court on diversity jurisdiction, seeks a judicial determination regarding the propriety of the assignment of a Deed of Trust and Note to Defendant Bank of America, N.A. ("BANA") and BANA's right to receive payment under them, and asks the Court to enjoin foreclosure proceedings and to quiet title on the property located at 14015 Albany Springs Lane, Houston, Texas 77044 ("the Property"), owned by Plaintiff Morlock, L.L.C. ("Morlock"). Pending before the Court are (1) BANA's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)(instrument #7); (2) Morlock's motion for leave to amend (#9); (3) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#15) that BANA's motion to dismiss be granted with prejudice and Morlock's motion for leave to amend be denied; and (4) Morlock's objections (#16) to the Magistrate Judge's memorandum and recommendation.

After reviewing the record and the applicable law, the Court agrees with the Magistrate Judge's legal conclusions and, for the reasons stated below, overrules Morlock's objections to her memorandum and recommendation, denies the motion for leave to amend, and grants the motion to dismiss with prejudice.

**Standards of Review**

Objections timely filed within fourteen days of entry of the Magistrate Judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. *Byars v. Stephens*, No. 5:13-CV-189-DAE, 2014 WL 1668488, at *2 (Apr. 14, 2014), *citing Thomas v. Arn*, 474 U.S. 140, 151 (1985). The court does not have to consider "'[frivolous, conclusive, or general objections.'" *Id., citing Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Findings by the Magistrate Judge to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). Findings of the United States Magistrate Judge to which no specific objections are made require the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Id., citing U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading

that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed.

2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief

above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

Where a plaintiff fails to state a legal claim upon which relief may be granted, i.e., the complaint lacks a cognizable legal theory or there is a bar on the face of the complaint, such as expiration of the statute of limitations, the suit may be dismissed as a matter of law, *See, e.g, Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)l *Frith v. Guardian Life Ins.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998); *ASARCO LLC v, Americas Min. Corp.*, 382 B.R. 49, 56 (S.D. Tex. 2007).

On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v.*

*Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]"). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

**Factual Background**

The issues in contention here are legal, while the basic facts are not in dispute and are supported by the evidence in the record.

Magistrate Judge Stacy properly relied on copies of four documents attached to BANA's motion to dismiss. First, the Deed of Trust, dated January 30, 2007, naming Eduardo Ramirez and Erica Ramirez as borrowers, Texas Western Mortgage, L.L.C. as the Lender, and the Mortgage Electronic Registration Systems, Inc. ("MERS") as both the beneficiary and "nominee for Lender, as hereinafter defined, and Lender's successors and assigns" (#7-1, Ex. A, p.1). MERS recorded the Deed of Trust on January 30, 2007. The Deed of Trust continues, *id.* on p. 2,

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns), has the right: to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing or canceling this Security Instrument.

In support of her recommendation Magistrate Judge Stacy also considered the Note (#7-2, Ex. B), the "Corporation Assignment of Deed of Trust/Mortgage" ("Assignment"),[1] dated January 4, 2011 and signed by Tanyia Hill as Vice President of MERS, from MERS to BAC

---

[1] The Assignment was recorded in the Real Property Records of Harris County, Texas on January 11, 2011 at Document No. 20110016005. #7, Ex. C.

Home Loans Servicing, JP, f/k/a Countrywide Home Loans Servicing, which later merged into BANA (#7-3, Ex. C), and the Amendments to Various Declarations of Covenants, Conditions, and Restrictions Relating to Summerwood [Homeowner Association]" (#7-4, Ex. D),[2] which created a Summerwood Homeowner Association's lien. The last document (Ex. D, Part 2, § 8.6, "<u>Lien for Assessments</u>"), in pertinent part reflects that the Homeowner Association's assessment lien was subordinate to BANA's lien,

> The Association shall have a lien against each Unit to secure payment of assessments . . . . Such lien shall be superior to all other liens, except (a) the liens of all taxes, bonds, assessments, and other levies which by law would be superior, and (b) the lien or charge of any Recorded first Mortgage (meaning any Recorded Mortgage with first priority over other Mortgages) made in good faith and for value.

Morlock, a real estate investment company, purchased the Property at a Trustee's foreclosure sale conducted by Summerwood Homeowner Association on August 3, 2011. At the time, the Property was subject to the Deed of Trust lien dated January 3, 2007, executed by the Ramirezes, which secured the Note also executed by the husband and wife.[3] The Deed of Trust was subsequently assigned to BANA. Morlock learned that under the Deed of Trust, on June 3, 2014 BANA had posted the Property for a Substitute Trustee's Sale.

---

[2] Ex. D was recorded in the Harris County, Texas Property Records under Instrument No. V677818.

[3] Filed of record under Clerk's File Number 20007006526 in the Real Property Records of Harris County, Texas.

On June 13, 2014 Morlock filed the instant suit in Texas state court, from which it was timely removed.

In its Original Petition (#1-1), Morlock contends that while the Assignment appears valid on its face, it is of no force or effect because the person who signed the assignment on behalf of MERS was not employed by MERS and had no authority to endorse the Note or to execute the assignment. Because the Assignment is not valid, insists Morlock, BANA was not and is not the owner and holder of the Note and Deed of Trust and therefore has no right to post the Property for a Trustee's foreclosure sale.

Morlock states that it has tried to contact the owner of the Note and Deed of Trust to either pay the Note or at least discuss paying off the Note, but BANA has refused to provide Morlock with any proof that it is the owner or who the owner is. Morlock fears that if it pays BANA, it might become subject to double exposure if BANA is not entitled to payment. Conceding that there is a lien on the property, Morlock seeks a determination from the Court as to whether BANA is the holder of the Note that is secured by the Deed of Trust and thus has a right to receive payment. Morlock also prays for a temporary restraining order to enjoin BANA from taking any action to sell the Property or disturb Morlock's possession of it.

**The Magistrate Judge's Memorandum and Recommendation (#15)**

The Magistrate Judge found that the Deed of Trust and

Assignment documents (#7, Exs. A-D) evidence an unbroken, facially valid chain of assignments, as described above, demonstrate that MERS had the authority to make the assignment, and show that any interest Morlock obtained when it purchased the Property was subordinate to the mortgage lien that BANA now has through assignment. Furthermore it is well established that "a plaintiff who is not a party to an assignment lacks standing to challenge the assignment on grounds which render it merely voidable at the election of one of the parties." *Morlock, LLC v. Bank of New York*, ___ S.W. 3d _____, No. 01-13-00949-CV, 2014 WL 4085771, at *2 (Tex. App.--Houston [1st Dist.] Aug. 19, 2014, no pet.), *citing Vazquez v. Deutsche Bank Nat'l Trust Co., N.A.*, 441 S.W. 3d 783, 786 (Tex. App.--Houston [1st Dist.] July 24, 2014, no pet. h.), and *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013)(applying Texas law)(holding that an "obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable.). The Magistrate Judge concluded that "Morlock's conclusory allegations would render the assignment voidable, not void" and that Morlock "lacks standing to contest an assignment made by an unauthorized individual or entity." #15 at pp. 6-7, *citing Morlock, L.L.C. v. Bank of Am., N.A.*, 573 Fed. Appx 364, 366 n.5 (5th Cir. June 18, 2014)(*citing Reinagel*, 735 F.3d at 225-26). Moreover it is well established that "the weight of Texas authority" supports the

proposition that the party owning the deed of trust does not have to show that it is also the owner or holder of the note to foreclose.  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *see also Kramer v. Fed. Nat. Mortg. Ass'n*, 540 Fed. Appx. 319, (5th Cir. Sept. 19, 2013)("The panel in *Martins* clearly held that the Texas Property Code allows a party who has been assigned the deed of trust by MERS to foreclose, regardless of whether that party also holds the underlying note."), *cert. denied*, 134 S. Ct. 1310 (2014); *Wiley v. Deutsche Bank Nat. Trust Co.*, 539 Fed. Appx. 533, 537 (5th Cir. Sept. 6, 2013)("In this case, the deed of trust unquestionably names MERS as its beneficiary; MERS transferred the deed of trust to Deutsche Bank and recorded that transfer.  The Wileys' claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of Texas law.  They therefore did not state a claim upon which relief can be granted, and the district court rightly dismissed the action under Rule 12(b)(6).").

Magistrate Judge Stacy concurred with BANA that BANA had no obligation to provide information about the lien and the amount due to Morlock because Morlock was not a borrower under the mortgage secured by the Deed of Trust.  *Morlock v. JPMorgan Chase Bank, N.A.*, ___ Fed. Appx. ___, 2013 WL 2422778, at *2 n.4 (5th Cir. June 4, 2013).  *See also 402 Lone Star Prop., L.L.C. v. Bank of Am., N.A.*, No. 03-13-00322-CV, 2014 WL 4058715, at *3 (Tex. App.--

Austin, Aug. 12, 2014)("To become a party to a deed of trust and obtain the rights of a borrower under a deed of trust, such as the right to notice and reinstatement, a purchaser of real property must take the affirmative steps of requesting and receiving written approval from the lender to assume the borrower's obligations under the deed of trust."), citing *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W. 3d 561, 564, 571 (Tex, App.--Amarillo 2013, pet. denied)("even though plaintiff had been making monthly payments on property and made one lump-sum payment to cure default of debtor, plaintiff was not entitled to notice of foreclosure because he had not assumed debtor's obligations in writing and assumption had not been approved by lender, as required in deed of trust"); *Schlotte v. Option One Mortg. Corp.*, No. 09-11-00208-CV, Tex. App.--Beaumont May 31, 2012, pet. denied)("even though plaintiff allegedly purchase property and had attempted to negotiate an assumption of the mortgage, lender did not ratify transfer of duties to plaintiff under deed of trust, and, thus, no evidence of privity between plaintiff and lender existed and lender was not required to provide plaintiff with notice of foreclosure").[4] The Court agrees that BANA was under no obligation to provide the requested information about the Note to Morlock.

As for Morlock's claim to quiet title, Magistrate Judge Stacy

---

[4] Morlock in the instant case has not alleged that it took any of the affirmative steps to assume the Ramirezes' obligations under the Deed of Trust.

ruled that since as a matter of law Morlock's claim that the assignment to BANA was invalid lacked merit and since any interest Morlock obtained by purchasing the Property is subordinate to BANA's mortgage lien, Morlock cannot assert a superior title and the quiet-title claim also fails. *Morlock*, 2013 WL 2422778, at *2.

Magistrate Judge Stacy further and correctly concluded as a matter of law that because all the underlying substantive claims should be dismissed under Rule 12(b)(6), the claims for declaratory judgment and injunctive relief cannot survive. *See, e.g., Ayers v. Aurora Loan Serv., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011); *Valdez v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1363, 2011 WL 7068386, at *3 (N.D. Tex. Nov. 28, 2011).

Finally the Magistrate Judge recommended denial of leave to amend under Fed. R. Civ. P. 15(a) on the grounds that Morlock cannot overcome the legal effect of the Deed of Trust, its assignment, and the Amendment to Various Declarations of Covenants, Conditions, and Restrictions to Summerwood.

**Morlock's Objections (#16)**

Morlock objects that two recent opinions, *Vazquez*, 441 S.W. 3d 783,[5] and *Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, ___ S.W. 3d

---

[5] Morlock points to the Houston First Court of Appeals' statement in *Vazquez*, *id.* at p. 786,

> As a matter of precedent and policy, a Texas mortgagor has standing to challenge an assignment of a deed of trust in the chain of title of a rival claimant to land that she owns. *See Tri-Cities [Const., Inc. v.*

___, No. 14-12-01117-CV, 2014 WL 3866478 (Tex. App.--Houston [14th Dist.] Aug. 7, 2014, pet. for rev. filed Nov. 14, 2014),[6] hold that a property owner has standing to question a lienholder's right to foreclose, including the right to attack an assignment on which the lender bases its claim. In particular relying on *Vazquez*, Morlock quotes the following, 441 S.W. 3d at 789-90:

> In addition to her allegations about the authenticity of the signature on the assignment, Vazquez has also alleged that the assignment was outside the authority of Bly [the signer] and Citi [his employer] to make on behalf of Argent [the original note holder]. Thus, we conclude that Vazquez's allegations in her petition and the deposition testimony, read as a whole, gave Deutsche Bank fair and adequate notice that she was challenging the provenance of the signature appearing on the assignment.

According to Morlock, its Original Petition alleged in a "statement almost identical to the language used in the pleadings in the *Vazquez* case," "The assignment, although appearing valid on its

---

*American Nat. Ins. Co.*, 523 S.W. 2d 426, 430 (Tex. Civ. App.--Houston [1st Dist.] 1975)]; *Glass [v. Carpenter*, 330 S.W. 530, 537 (Tex. Civ. App.--Waco 1950)]. If foreclosure on a home is initiated by a person or entity whose right to foreclose is contingent upon the validity of an assignment, the homeowner has standing to attack the assignment and thereby seek to stop or reverse the foreclosure. Such a homeowner is "personally aggrieved" because she is at risk of losing her house, and the allegation of such injury is sufficiently "concrete and particularized" to confer standing to sue.

[6] In *Nationstar* Morlock cites the Houston Fourteenth Court of Appeals' reversal of the district court's conclusion that Morlock lacked standing to challenge whether the defendant is the owner and holder of the promissory note and deed of trust. 2014 WL 3866478, at *3.

face, is invalid and of no force or effect because, on information and belief, the person who signed the assignment on behalf of MERS was not employed by MERS and that person had no authority to endorse the Note and no authority to execute the assignment." #16 at p. 3; #1-1, Orig. Pet., ¶ 7.

### BANA's Response to the Objections (#17)

BANA insists the objections are meritless, while the Magistrate Judge's memorandum and recommendation is well reasoned and represents controlling law. Distinguishing *Vazquez*, BANA points out that in that case the appellate court ruled that the **mortgagor** had standing to challenge the assignment if the allegations would render the assignment void. 441 S.. 3d at 787. In the instant case the plaintiff is not the mortgagor and the allegations, even taken as true, would render the assignment merely voidable, not void. The holding in *Nationstar*, which is not a published opinion, reconfirms that a nonparty to an assignment lacks standing to challenge it. 2014 WL 4085771, at *2 ("as a nonparty to the transaction, Morlock lacks standing"), *citing Vazquez* and *Reinagel*, 735 F.2d at 225).

### Court's Decision

Morlock's objections lack merit, as clearly demonstrated by an on-point case and opinion in *Morlock v. The Bank of New York*, ___ S.W. 3d _____, No. 01-13-00949-CV, 2014 WL 4085771 (Tex. App.-- Houston [1st Dist.] Aug. 19, 2014, no pet.), authored by the same

judge as *Vazquez*, the Honorable Michael Massengale. In *Bank of New York* the plaintiffs borrowed money to buy a house in Harris County, Texas ("the Property"), made a promissory note, and gave a recorded deed of trust to Mortgage Investment Lending Associates, Inc. ("MILA"). MILA subsequently assigned the deed of trust to Countrywide Document Custody Services ("Countrywide"), a Division of Treasure Bank, N.A., which recorded it in Harris County's public records. In turn, Countrywide assigned the deed of trust to the Bank of New York ("BONY"), an assignment which was also recorded in the public records. The Property was in a neighborhood with a homeowner association, which, like Summerwood in the instant case, held a lien on the home to secure payment of assessments owed pursuant to neighborhood covenants. When the plaintiffs fell into arrears on their assessments, the association foreclosed on its lien, sold the Property to Morlock, and gave Morlock a trustee's deed that clearly stated that the homeowner association's lien was inferior to a purchase money mortgage. When BONY later posted the property for foreclosure, Morlock filed suit to stop the foreclosure, asserting that (1) BONY did not have a stake in the property because it was not the owner or holder of the note and (2) the person who executed the assignment from MILA to Countrywide was not authorized to do so. BONY counterclaimed, seeking a declaratory judgment that the deed of trust was a valid lien on the Property and that BONY had a valid right to foreclose. BONY also

filed a motion for summary judgment contending that Morlock lacked standing to challenge the assignment from MILA to Countrywide as unauthorized by MILA. BONY further argued that it did not have to show that it owned or held the promissory note in order to foreclose. The district court granted the summary judgment and the First Court of Appeals affirmed.

Focusing on Morlock's allegation that "the person who executed the assignment [of the deed of trust] was not authorized to execute the assignment" on behalf of MILA, 2014 WL 4085771 at *2, the panel pointed out that Morlock did not allege that the signature on the assignment was forged (i.e., "that the person who signed the document purported to act as someone else,"[7]), but simply that the person who signed it was not authorized to do so.[8] Reiterating the black letter law that a plaintiff who is not a party to the assignment lacks standing to challenge on grounds which renders it merely voidable at the election of one of the parties,[9] the panel opined,

"Deeds procured by fraud are voidable only, not void, at

---

[7] Citing *Nobles v. Marcus*, 533 S.W. 2d 923, 925-26 (Tex. 1967)("[T]o be a forgery the signing must be by one who purports to act as another.")).

[8] So, too, in the instant case, Morlock does not allege that the person who signed the Assignment "Tanyia Hill" was not Tanyia Hill.

[9] Citing *Valdez*, 2014 WL 3672892, at *2; *Reinagel*, 735 F.3d at 225; *Tri-Cities*, 523 S.W. 2d at 430; and *Glass*, 330 S.W. 2d at 537.

> the election of the grantor." [*Nobles*, 533 S.W. 2d at 926 "one who signs his true name and does not represent himself to be someone else of the same name, does not commit a forgery because his act does not purport to be that of another")](distinguishing between challenges based upon fraud and forgery). When someone without authorization signs a conveyance on behalf of a grantor corporation, the cause of action for fraud to set aside the assignment belongs to the grantor. *See id.* at 926-27. A third party lacks standing to challenge this voidable defect in the assignment. *See id.* at 927.

*Id.* The appellate court concluded that Morlock lacked standing to challenge the claim that MILA's assignment of the deed of trust to Countrywide was executed without authorization. *Id.*

As for BONY's right to foreclose under the deed of trust, the First Court of Appeals cited black letter law that "the right to recover a personal judgment for a deed secured by a lien on land and the right to have a foreclosure of lien are severable," and "a deed of trust may therefore be enforced by the mortgagee, regardless of whether the mortgagee also holds the note." *Id.* at *3 (and case cited therein). This legal principle explains why the provisions of the Texas Property Code addressing nonjudicial foreclosure do not require possession or production of the original note. *Id.* at *3-4, *citing inter alia Martins*, 722 F.3d at 254-55 (the majority of Texas courts hold that the party owning the deed of trust need not also show that it is the owner or holder of the note in order to foreclose); Texas Property Code Ann. § 51.002 and § 51.001(4).

This Court also concludes that the Magistrate Judge correctly

interpreted and applied the law which she discussed to the facts of this case.

Accordingly, the Court

ORDERS that Morlock's objections (#16) to the memorandum and recommendation are OVERRULED.  The Court further

ORDERS that Morlock's motion for leave to amend (#9) is DENIED as futile and BANA's motion to dismiss (#7) is GRANTED with prejudice.  A final judgment will issue by separate instrument.

**SIGNED** at Houston, Texas, this  9th  day of  January , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE